Montefiore Med. Ctr. v Empire Healthchoice HMO, Inc. (2021 NY Slip Op 00631)





Montefiore Med. Ctr. v Empire Healthchoice HMO, Inc.


2021 NY Slip Op 00631


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 26952/18E Appeal No. 13058 Case No. 2019-04389 

[*1]Montefiore Medical Center, Plaintiff-Respondent,
v
Empire Healthchoice HMO, Inc., et al., Defendants-Appellants.


Hogan Lovells US LLP, New York (Robin Muir and Erin Chapman of the Bar of the District of Columbia and State of Virginia, admitted pro hac vice, of counsel of counsel), for appellants.
Garfunkel, Wild, P.C., Great Neck (Michael J. Keane of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about October 2, 2019, which denied the motion of defendant Empire Healthchoice HMO, Inc. (Empire) to dismiss the complaint of Montefiore Medical Center (Montefiore) seeking to recover the difference between the payment amount Montefiore received from certain Medicaid Managed Care Organizations (MCOs) that were billed in error, and the amount Empire was contractually obligated to pay Montefiore for medical assistance provided to Empire's insureds, unanimously affirmed, with costs.
Empire claims that the plain language of the Medicaid statute and regulations compel a different result from that reached by Supreme Court, as Montefiore was precluded from pursuing any additional payment once it accepted "payment in full" from the Medicaid program for the services it provided (see 42 CFR 447.15 [a healthcare provider can participate in the Medicaid program only if the provider agrees to "accept, as payment in full, the amounts paid" by the state Medicaid program "plus any deductible, coinsurance or copayment required by the plan to be paid by the individual"]; 18 NYCRR 504.3[c] ["(b)y enrolling the provider agrees . . . to accept payment from the medical assistance program as payment in full for all care, services and supplies billed under the program, except where specifically provided in law to the contrary"]).
However, the above regulations have no bearing on the contractual relationship between a commercial insurance company that is primary payor, such as Empire, and a provider such as Montefiore. The cases cited by Empire do not compel a different result, as each case involved a patient who was eligible for Medicaid and the provider attempted to engage in impermissible balance billing, as opposed to a patient who was covered by a commercial contract at the time of treatment (see e.g. Spectrum Health Continuing Care Group v Anna Marie Bowling Irrevocable Trust , 410 F3d 304 [6th Cir 2005]; Evanston Hosp. v Hauck , 1 F3d 540, 544 [7th Cir 1993], cert denied 510 US 1091 [1994]; Lizer v Eagle Air Med Corp. , 308 F Supp 2d 1006 [D Ariz. 2004]; Alliance Health of Santa Teresa, Inc. v National Presto Indus., Inc. , 143 NM 133, 173 P3d 55 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021